UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-161-3 |
| | ) | (VARLAN/SHIRLEY) |
| MAIMOUNE WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court for consideration of the Report and Recommendation, entered by United States Magistrate Judge C. Clifford Shirley, Jr., on June 19, 2012 (the "R&R") [Doc. 139]. The R&R addresses three motions filed by the defendant: the Amended Motion to Dismiss for Duplicity and to Strike Surplussage [sic.] in Second Superseding Indictment [Doc. 69], the Motion to Dismiss for Preindictment Delay and Failure to Preserve Evidence in Violation of Defendant's Due Process Rights [Doc. 71], and the Motion to Dismiss for Selective Prosecution [Doc. 73].[1] The United States responded in opposition to each of the pending motions [Docs. 83, 84, 85]. The magistrate judge held an evidentiary hearing on the defendant's motions during which the parties presented testimony and argument. At the end of the hearing, Magistrate Judge Shirley took the motions under advisement. On June 19, 2012, the magistrate judge issued the R&R [Doc. 139],

---

[1]As noted by the magistrate judge, the defendant filed an identical motion pertaining to the First Superseding Indictment [Doc. 62]. In the R&R, the magistrate judge recommended that this motion be denied as moot [Doc. 139, p. 1, n.1].

recommending that the Court deny each of the defendants' motions [*Id.*, p. 24]. The defendant filed objections to the R&R [Doc. 146].

This matter is now before the Court on consideration of the R&R and the defendant's objections to the R&R.

I. **Background**

The defendant is charged in a third superseding indictment ("indictment") [Doc. 103] with a single count of conspiring to dispense controlled substances outside of the usual course of professional practice and without a legitimate medical purpose [*Id.*, ¶ 12]. The conspiracy described in the indictment is alleged to have occurred from around August 2008, to around December 14, 2010 [*Id.*]. The indictment alleges that the defendant worked at the Maryville Pain Management clinic from December 1, 2008, to September 28, 2009 [*Id.*]. The indictment alleges that the defendant signed blank prescriptions and left them with co-defendant Tamral Guzman ("Guzman") who is not authorized to prescribe medication and who was not often present for patient examinations [*Id.*]. The indictment also alleges that the defendant left additional pre-signed blank prescriptions with Guzman when the defendant resigned from the Maryville Pain Management clinic on September 28, 2009 [*Id.*, ¶13].

In the defendant's Amended Motion to Dismiss for Duplicity and to Strike Surplussage [sic] in Second Superseding Indictment [Doc. 69], the defendant argues that the indictment charges her with multiple conspiracies connected to Guzman rather than a single conspiracy. The defendant also argues that the language of the indictment referring to Schedule I and Schedule II drugs is surplusage which should be stricken to avoid prejudice

to the defendant and confusion to the jury. In opposition, the government argues that the indictment properly charges a single conspiracy, that the descriptions of the Schedule I and III drugs provide context and are relevant to an understanding of the types of drugs charged, and that the descriptions are not prejudicial [Doc. 85]. Quoting the allegations of the indictment, the magistrate judge found that, on its face, the indictment charges a single conspiracy [Doc. 139, p. 10]. The magistrate judge also found that the defendant's argument regarding whether the government will be able to prove a criminal agreement between the defendant and anyone other than Guzman is an argument which cannot be decided before the trial of this matter and is more properly addressed by an inquiry into any variance between the allegations of the indictment and the proof at trial, or by evaluating the sufficiency of the evidence [*Id.*, p. 11]. Magistrate Judge Shirley also found that the paragraphs and descriptions referenced by the defendant in his motion were not surplusage [*Id.*, pp. 12-13].

In the defendant's Motion to Dismiss for Preindictment Delay and Failure to Preserve Evidence in Violation of Defendant's Due Process Rights [Doc. 71], the defendant argues that the government violated her right to due process by delaying in bringing charges against her, a delay which was prejudicial because necessary evidence—medical records from the Maryville Pain Management Clinic—are no longer accessible to her. The government disagrees and argues that any delay in prosecuting the defendant was due to the case still being under investigation and not due to the pursuit of any tactical advantage [Doc. 84]. The government also argues that it had no basis to seize the medical records the defendant claims are no longer accessible, and that even if those records are no longer available to the

3

defendant, the defendant's lack of access to the records is not due to prosecutorial delay [*Id.*]. Magistrate Judge Shirley found that the defendant had failed to show that any delay by the government in bringing the charges against her was an intentional device used for the purpose of gaining a tactical advantage, and failed to show that any delay caused the defendant substantial prejudice [Doc. 139, p. 19].

In the defendant's Motion to Dismiss for Selective Prosecution [Doc. 73], the defendant argues that she was selectively prosecuted based on her race. In opposition, the government argues that the defendant cannot show discriminatory intent on the part of prosecutors or investigators [Doc. 85]. The government also argues that the defendant cannot show discriminatory effect because other medical practitioners at the Maryville Pain Management Clinic were not similarly situated to the defendant [*Id.*]. In the R&R, the magistrate judge agreed with the government, finding that the defendant had failed to make a showing of either discriminatory intent or discriminatory effect [Doc. 139, p. 21].

## II.    Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has carefully considered the R&R, the parties' underlying and supporting briefs, and the defendant's objections to the R&R, all in light of the relevant law. For the reasons set forth herein, the Court will **OVERRULE** the defendant's objections [Doc. 146], **ACCEPT in whole** the R&R [Doc. 139], and **DENY** the defendant's motions [Docs. 69, 71, 73]

4

**III.  Analysis**

The defendant objects to Magistrate Judge Shirley's finding that the indictment does not charge multiple conspiracies.  The defendant argues that the magistrate judge erred in finding that the indictment does not allege more than a single conspiracy given the specific nature of the conspiracy alleged and the alleged time frame of the defendant's involvement in the conspiracy.  The defendant also argues that the magistrate judge erred in finding that the defendant's argument cannot be addressed prior to trial.  In support of his objection, the defendant cites *United States v. Swafford*, 512 F.3d 833 (6th Cir. 2008), for the proposition that, similar to *Swafford*, the conspiracy charged in this case is a rimless wheel conspiracy with Guzman at the hub and no connection between the defendant's alleged mis-use of her nurse practitioner's license at any particular time and the alleged mis-use of some other health care practitioner's license at some other time.[2]  The defendant asserts that she is bound to suffer the same prejudice considered in *Swafford*; that is, surprise by the evidence offered at trial and the potential for a conviction based on substantive offenses committed by others.  *Id.*, 512 F.3d at 843.

---

[2]In *Swafford*, the Sixth Circuit found a fatal variance between the indictment and the evidence produced at trial, holding that the government had failed to prove the existence of a common goal or enterprise, thus making the conspiracy alleged in the indictment a "rimless wheel conspiracy" in which Swafford engaged in multiple conspiracies with individual customers. *Id.*, 512 F.3d at 842-43.  Importantly, the Sixth Circuit's finding of the fatal variance was premised on the appellate court's consideration of *both* the terms of the indictment and the evidence produced at trial. *Id.* at 841.  In this case, as the trial has not yet occurred, Magistrate Judge Shirley properly determined that he could not yet pursue this line of inquiry.

5

The Court disagrees. As noted by the magistrate judge, a single conspiracy does not become multiple conspiracies simply because each member of the conspiracy did not know every other member, or because each member did not know of or become involved in all activities in furtherance of the conspiracy [Doc. 139, p. 8]. After reviewing the allegations of the indictment, the magistrate judge found that the indictment, on its face, alleged a single conspiracy. In addition, as explained by the magistrate judge, in *Swafford*, the Sixth Circuit addressed a similar fatal variance argument regarding "the issue of single vs multiple conspiracies[,]" "by asking whether a fatal variance occurred between the allegations in the indictment and the proof at trial or by evaluating the sufficiency of the evidence." [Doc. 139, pp. 10-11 (citing cases)].

The Court's review of *Swafford* does not support the defendant's argument that this issue is one that can be decided prior to trial and the presentation of proof. In sum, after reviewing the R&R, the defendant's objection, and the allegations relating to the conspiracy charged in the indictment, the Court agrees with Magistrate Judge Shirley's findings and recommendation that a single conspiracy is charged in the indictment and that whether a fatal variance exists cannot yet be determined because the Court will not be able to consider the proof and the relative sufficiency of that proof in conjunction with the allegations of the indictment until the trial of this case.[3] This objection will, therefore, be **OVERRULED**.

---

[3] The defendant has not objected to the magistrate judge's finding that the paragraphs and language of the indictment referenced by the defendant in her motion are not surplusage [Doc. 139, pp. 11-13].

6

As noted above, Magistrate Judge Shirley found that the defendant had also failed to show that any delay on the part of the government in bringing charges against the defendant was due to any intentional device for the purpose of gaining a tactical advantage. The magistrate judge also found that the defendant had failed to show substantial prejudice. The defendant's objection to the R&R focuses on an alleged improper connection between DEA Investigator David Graham and Guzman and Investigator Graham's disposal, at Guzman's request, of certain blank, unused prescription pads printed with the defendant's name which were seized from the clinic on November 13, 2009. The defendant argues that the magistrate judge erred in not considering these unused prescription pads in regard to the motions considered in the R&R because the proof presented at the hearing on these unused prescription pads was sufficient to satisfy the requirements of *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002).[4]

The Court disagrees. These blank, unused prescription pads were thoroughly considered in a separate Memorandum and Order ("M&O") [Doc. 138] entered by Magistrate Judge Shirley on June 8, 2012 considering the defendant's Motion for Production of Favorable Evidence [Doc. 75]. In that M&O, the magistrate judge specifically addressed the destruction of these unused prescription pads, including analyzing whether Investigator

---

[4]Even though the magistrate judge found the *Monzo* test inapplicable because the un-seized medical records from the Maryville Pain Management clinic were never in the government's possession, he held that even if the *Monzo* test was applicable, the government had not acted in bad faith in failing to seize and preserve the records [Doc. 139, p. 17]. In his objections, the defendant has not provided any additional facts or law as to why these findings of the magistrate judge were in error. Upon the Court's own review of the *Monzo* factors and the relevant law, the Court agrees with the magistrate judge's analysis.

7

Graham's destruction of the pads met the three-part test described in *Monzo* for determining when the government's failure to preserve materially exculpatory evidence constitutes a due process violation [Doc. 138, pp. 5-8]. After applying the *Monzo* test, Magistrate Judge Shirley concluded that:

> [T]he Defendant has failed to show through the testimony of Investigator Graham that the Government acted in bad faith in failing to preserve the box of blank prescription pads.

[*Id.*, p. 7]. The defendant's citations in his objections to the testimony of Investigator Graham regarding these unused prescription pads does not show bad faith on the part of either the investigator nor the government [Doc. 146, pp. 4-6]. Moreover, as found by the magistrate judge in the R&R [Doc. 139, pp. 18-19], the defendant has neither argued nor shown that the reason for any delay in the prosecution of the defendant was due to anything other than the government's on-going investigation of the case.

In sum, and for the above stated reasons, the Court will **OVERRULE** the defendant's objection to the magistrate judge's finding and recommendation regarding preindictment delay and failure to preserve evidence.

Finally, the defendant objects that "[i]n a similar light once a conclusion of the Government's bad faith is reached with respect to the preservation of evidence and the delay in prosecution, the selective decision to prosecute only one African American medical practitioner deserves closer scrutiny." [Doc. 146, p. 7, n.3]. The defendant, however, has not provided any explanation or argument as to what this closer scrutiny entails and has not provided any explanation or argument as to how the magistrate judge erred in scrutinizing

8

the selective prosecution issue in the initial instance. Having reviewed the magistrate judge's thorough analysis regarding this issue, and noting in particular that the defendant has presented the Court with no evidence of racial animus on the part of the prosecuting attorneys or the investigators, and presented no evidence that similarly situated persons at the clinic were not also prosecuted, the Court will **OVERRULE** this objection as well.

IV.   **Conclusion**

In sum, after reviewing the record in this case, including the R&R, the objections, the underlying briefs, and the relevant law, the Court determines that the magistrate judge fully and appropriately considered the arguments in support of the defendant's motion. Further, the Court agrees with the magistrate judge's analysis and findings in their entirety. Accordingly, and for the reasons given above, the defendant's objections to the R&R [Doc. 146] are **OVERRULED**, the R&R [Doc. 139] is **ACCEPTED in whole**, and the Amended Motion to Dismiss for Duplicity and to Strike Surplussage [sic.] in Second Superseding Indictment [Doc. 69], the Motion to Dismiss for Preindictment Delay and Failure to Preserve Evidence in Violation of Defendant's Due Process Rights [Doc. 71], and the Motion to Dismiss for Selective Prosecution [Doc. 73] are **DENIED**. The defendant's Motion to Dismiss for Duplicity and to Strike Surplussage [sic.] in First Superseding Indictment [Doc. 62] is **DENIED as moot**.

IT IS SO ORDERED *NUNC PRO TUNC AUGUST 3, 2012* .

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

9